**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA LICIDIA GUEVARA-SORTO, | No. 14-73373 |
| Petitioner, | Agency No. A092-168-577 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

Maria Licidia Guevara-Sorto, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Guevara-Sorto was threatened and extorted by gang members in El Salvador, and fears future extortion or harm if returned. Substantial evidence supports the BIA's finding that Guevara-Sorto failed to establish she has been or will be targeted on account of a particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'") (citation and internal quotation marks omitted); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Guevara-Sorto's withholding of removal claim fails.

Finally, substantial evidence also supports the agency's denial of Guevara-Sorto's CAT claim because she failed to establish it is more likely than not that she

would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**